| | |
|---|---|
| 1 | KELLEY DRYE & WARREN LLP |
| 2 | Catherine D. Lee (State Bar No. 258550) |
|   | 10100 Santa Monica Boulevard |
| 3 | Twenty-Third Floor |
|   | Los Angeles, CA 90067-4008 |
| 4 | Telephone:  (310) 712-6100 |
|   | Facsimile:   (310) 712-6199 |
| 5 | clee@kelleydrye.com |
| 6 | Attorneys for Defendant Kohl's Department Stores, Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SASHA SUCHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>        Defendant. | Case No.  8:15-CV-01535-JLS-DFM<br><br>Hon. Josephine L. Staton<br><br>**DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>FAC Filed:     Oct. 27, 2015<br>Trial Date:      None Set |

Defendant Kohl's Department Stores, Inc. ("Defendant"), hereby answers the First Amended Complaint (the "Complaint") of plaintiff Sasha Suchite ("Plaintiff"), as follows:

## INTRODUCTION

1. To the extent that Paragraph 1 of the Complaint states that Plaintiff bases Count One of her Complaint on the Telephone Consumer Protection Act, 47 U.S.C. Section 227 *et seq.* ("TCPA") no response is required. To the extent that a response is required, Defendant denies that it violated the TCPA, or any other law based on the allegations of the Complaint.

2. To the extent that Paragraph 2 of the Complaint states that Plaintiff bases Count Two of her Complaint on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code Section 1788 *et seq.* ("Rosenthal Act"), no response is required. To the extent that a response is required, Defendant denies that it violated the Rosenthal Act, or any other law based on the allegations of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required.

## PARTIES

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies those allegations.

7. Defendant admits that its principal place of business is in Menomonee Falls, Wisconsin.

1     8.     Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

### **FACTS**

9.     Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10.    Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12.    Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13.    Paragraph 13 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

14.    Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15.    Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16.    Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.    Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

## COUNT I

20. Defendant incorporates its responses to the allegations asserted in all previous paragraphs fully set forth herein, and denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies that Plaintiff is entitled to any of the relief that she seeks in Paragraph 22 of the Complaint.

23. Defendant denies that Plaintiff is entitled to any of the relief that she seeks in Paragraph 23 of the Complaint.

24. Defendant denies that Plaintiff is entitled to any of the relief that she seeks in Paragraph 24 of the Complaint.

25. Defendant denies that Plaintiff is entitled to any of the relief that she seeks in Paragraph 25 of the Complaint.

## COUNT II

26. Defendant incorporates its responses to the allegations asserted in all previous paragraphs fully set forth herein.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies that Plaintiff is entitled to any of the relief that she seeks in Paragraph 28 of the Complaint.

29. Defendant denies that Plaintiff is entitled to any of the relief that she seeks in Paragraph 29 of the Complaint.

30. Defendant denies that Plaintiff is entitled to any of the relief that she seeks in Paragraph 30 of the Complaint.

/ / /

/ / /

## AFFIRMATIVE DEFENSES

By way of further response, Defendant alleges the affirmative defenses and claims to the complaint.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to join necessary and indispensable parties in this action.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fifth Affirmative Defense

Plaintiff's claims under the TCPA are unconstitutional.

### Sixth Affirmative Defense

Plaintiff's claims against Defendant are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

### Seventh Affirmative Defense

Defendant alleges that Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from pursuing claims alleged in the Complaint.

### Eighth Affirmative Defense

Defendant had consent to make any calls that it placed.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the doctrine of good-faith.

/ / /

### Tenth Affirmative Defense

Plaintiff lacks standing to assert the claims alleged in the Complaint.

### Eleventh Affirmative Defense

Defendant alleges that by Plaintiff's conduct, representations, and omissions, upon which Defendant detrimentally relied, Plaintiff is equitably estopped from asserting any claim for relief against Defendant.

### Twelfth Affirmative Defense

Defendant alleges that Plaintiff is not entitled to any relief because Defendant's conduct did not proximately cause any damages, injury or loss to Plaintiff.

### Thirteenth Affirmative Defense

Defendant is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive.

### Fourteenth Affirmative Defense

Defendant alleges that by conduct, representations, and omissions, Plaintiff has waived, relinquished, and/or abandoned any claim for relief against Defendant respecting the matters that are the subject of the Complaint.

### Fifteenth Affirmative Defense

The damages Plaintiff seeks against Defendant violate the Due Process Clause of the United States Constitution, and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### Sixteenth Affirmative Defense

Plaintiff's claims against Defendant are barred because the calls about which it complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Defendant for such calls would violate its First Amendment rights.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred because Defendant did not engage in willful and/or knowing misconduct.

### Eighteenth Affirmative Defense

Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

### Nineteenth Affirmative Defense

The alleged injuries and/or damages sustained by Plaintiff are the result of conduct of a person or persons over whom Kohl's exercised no control.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint;
2. That judgment be entered against Plaintiff and in favor of Defendant;
3. That Defendant recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and
4. That the Court grant Defendant such other and further relief as it deems just and proper.

DATED: December 23, 2015        KELLEY DRYE & WARREN LLP
                                Catherine D. Lee

                                By */s/ Catherine D. Lee*
                                    Catherine D. Lee
                                Attorneys for Defendant Kohl's Department Stores, Inc.